**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raymond Bruce BELTON,
Defendant–Appellant.**

**No. 89–1649.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 20, 1989.

Decided Nov. 20, 1989.

R. Jeffrey Wagner, Asst. U.S. Atty., Office of the U.S. Atty., Milwaukee, Wis., Stephen J. Liccione, for plaintiff-appellee.

Peter O. Bockhorst—argued, Milwaukee, Wis., Roosevelt Thomas, Martin & Thomas, Chicago, Ill., for defendant-appellant.

Before WOOD, Jr., POSNER, and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

A jury convicted the defendant of conspiracy to possess more than five kilograms of cocaine, intending to distribute it in the Milwaukee area, and the judge sentenced him to thirty years in prison as a "career offender." The appeal is from the

---

sentence and raises a novel interpretive question under the sentencing guidelines.

So far as is relevant to this case, a "career offender" is a convicted defendant who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1. The guidelines define "two prior convictions" to mean that "(A) the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense ... and (B) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of Part A" of Chapter 4 of the guidelines. § 4B1.2(3). There is no doubt that Belton had one prior conviction, so defined; the question is whether he had a second.

■ The conspiracy that forms the basis for his current conviction was alleged to have lasted from November 1, 1987, to September 13, 1988. On November 12, 1987—which is to say a few days after the conspiracy is alleged to have begun—Belton was arrested in a California airport on a charge of possessing cocaine, which had been found in his luggage on his arrival. On July 29, 1988—well before the conspiracy is alleged to have ended—a California state court convicted him on this charge of possession. Doubt whether this was a "prior conviction" within the meaning of the guidelines arises from the fact that although the conviction preceded his current conviction, it punished conduct that took place after the offense underlying the current conviction (the Milwaukee conspiracy) had begun and that indeed was part of that offense. California was where Belton got the cocaine that he sold in Milwaukee. When arrested at the airport he had just returned from Milwaukee with a load of cocaine that he had been unable to sell.

■ Nothing in the guidelines' definition of a career offender requires, however, that every act constitutive of the offense underlying his current conviction have been committed after the prior conviction, and we can think of no reason for such a requirement. A career criminal is incorrigi-

ble, undeterrable, recidivating, unresponsive to the "specific deterrence" of having been previously convicted—and that is a good description of a man who continues trafficking in narcotics after having been arrested and convicted of a similar crime. If Belton had joined the conspiracy to sell cocaine in Milwaukee after his conviction in California, he would have no argument at all, yet it can hardly be thought that by entering the conspiracy earlier rather than later he showed himself to be less incorrigible, more deterrable, less likely to commit further crimes upon release from prison. The guidelines should not be interpreted to give criminals an incentive to enter conspiracies at the earliest possible opportunity.

It is true that if the conduct giving rise to one of the prior convictions were identical to the conduct giving rise to the current conviction (as is possible, notwithstanding the double-jeopardy clause, if as here the convictions are by different sovereigns, *Heath v. Alabama*, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985)), the prior conviction would yield no information concerning the defendant's criminal propensities. But in such a case the guidelines would not allow the prior conviction to be counted in determining whether the defendant was a career offender. For it is not enough that the prior convictions precede the current one; the guidelines require, in a passage we quoted earlier, that "the defendant *committed the instant offense subsequent to sustaining at least two felony convictions* of either a crime of violence or a controlled substance offense." § 4B1.2(3)(A) (emphasis added). But the "subsequent" offense need not be *entirely* subsequent to preserve the relation between the guideline and its animating policy of punishing the recidivist more severely. Continuing to participate in a drug conspiracy after having been convicted of a drug offense manifests a propensity for recidivism as plainly as if the conspiracy had been started from scratch. The only practical effect of the interpretation for which Belton contends would be to give the government an incentive to seek conviction

 

for only so much of the defendant's participation in the continuing conspiracy as postdated his prior conviction.

The prior conviction might, it is true, be for an offense committed toward the very end of the defendant's participation in the conspiracy underlying his current conviction—and the date that his participation ended might be unclear. See *United States v. Patel*, 879 F.2d 292 (7th Cir.1989). But there is no contention that Belton ended his participation in the conspiracy to distribute cocaine in the Milwaukee area before his conviction in California, and the evidence presented to the jury makes clear that his subsequent participation in the conspiracy was sufficient by itself to support the conspiracy conviction. The "instant offense" was "subsequent" in the practical sense that the part of the conspiracy that preceded the prior conviction could be lopped off without affecting Belton's guilt; so the district judge found, and with ample support in the evidence, in remarking at the sentencing hearing that Belton had committed overt acts in furtherance of the conspiracy after the arrest and sentencing in California.

Belton notes that the definition of "two prior convictions" refers to Part A of Chapter 4 of the guidelines, where we read that in adjusting a defendant's sentence for his prior criminal history the judge may use as a "prior sentence" only a "sentence previously imposed ... for conduct not part of the instant offense." § 4A1.2(a)(1). Therefore, as the first application note to section 4A1.2 makes explicit, "a sentence imposed after the defendant's commencement of the instant offense, but prior to the sentencing on the instant offense, is a prior sentence [only] if it was for conduct other than conduct that was part of the instant offense." If Belton were being sentenced under Part A of Chapter 4, the California conviction and sentence would not be a part of his criminal history usable to enhance his sentence. But he was sentenced under Part B, and as is plain from section 4B1.2(3), quoted earlier, the sentences that must be separate in this sense are the sentences imposed for the prior convictions: "two prior convictions" entails

that "the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of Part A." The two prior convictions must be separate *from each other*, and they were here.

AFFIRMED.