958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond B. BELTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-3390.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 10, 1992.*
Decided March 25, 1992.
Rehearing and Rehearing In Banc
Denied June 1, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Raymond Belton was convicted of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and was sentenced to thirty years imprisonment. His conviction was affirmed on direct appeal. United States v. Belton, 890 F.2d 9 (7th Cir.1989). He subsequently filed for habeas corpus relief pursuant to 28 U.S.C. § 2255. The district court denied his petition. We affirm.
 
 BACKGROUND
 
 2
 Belton raised the following issues in his § 2255 petition, none of which were raised in his direct appeal: 1) sufficiency of the indictment; 2) error in allowing written instructions into the jury room; 3) error in instructing the jury as to the meaning of "knowingly"; 4) failure to instruct on accomplice liability; and 5) ineffective assistance of trial counsel. Pursuant to Rule 4 governing § 2255 petitions, the district court preliminarily considered and dismissed the petition, concluding that it plainly appeared from the face of the petition that Belton was not entitled to relief.
 
 ANALYSIS
 
 3
 Although the district court reached the merits of Belton's first four claims, we decline to do so because Belton has failed to establish cause for failing to raise these issues on direct appeal. It is well-established that where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1981).
 
 
 4
 In order to show cause for a procedural default, Belton must demonstrate that some objective factor external to the record impeded his counsel's efforts to bring a claim on direct appeal. Murray v. Carrier, 477 U.S. 478, 497, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In his reply brief, Belton contends that a liberal reading of his § 2255 petition supports a claim of ineffective assistance of appellate counsel, while at the same time he concedes that he did not challenge the effectiveness of appellate counsel. Cognizant of our duty to construe pro se pleadings liberally, Sizemore v. Williford, 829 U.S. 608, 610 (7th Cir.1987), we nonetheless find that Belton's § 2255 petition is void of any allegations of ineffective assistance of appellate counsel which would provide cause for the procedural default. Therefore, we affirm the decision of the district dismissing the first four claims.
 
 
 5
 We address the issue of ineffective assistance of trial counsel separately. Failure to raise ineffective assistance of counsel on direct appeal does not constitute procedural default where, as here, petitioner's counsel for the direct appeal was his trial counsel. United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991).
 
 
 6
 In order to succeed on an ineffective assistance of counsel Belton must identify specific acts or omissions which demonstrate that counsel's represtation fell below and objective standard of reasonableness. In addition, he must present evidence that there is a reasonable probability that but for counsel's errors the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 690-692, 97 S.Ct. 2497, 53 L.Ed.2d 694 (1977); United States v. Guerrero, 938 F.2d 725, 727 (7th Cir.1991). Failure to satisfy either prong of Strickland is fatal to an ineffectiveness claim. Chichakly v. United States, 926 F.2d 624, 630 (7th Cir.1991)
 
 
 7
 To the extent that Belton's ineffectiveness claim is based on the four grounds dismissed above, we adopt the opinion of the district court holding that because these claims are without merit, they cannot form factual basis for an ineffective assistance of counsel claim under Strickland. In addition, we reject as meritless Belton's allegations that his trial counsel failed to investigate and interview witnesses in order to establish an alibi defense. In order to establish prejudice from a failure to investigate, Belton must establish 1) specific information the missing witness would have provided and 2) that this information would have changed the outcome of the proceeding. United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir.1991). Belton's petition does neither. His petition is void any particulars as to the identity of the witnesses or the nature of the information they would have provided. Because Belton cannot demonstrate prejudice, his ineffective assistance of counsel fails on the merits.
 
 
 8
 To the extent the Belton attempts to raise additional claims on ineffectiveness for the first time on appeal, these claims are waived.
 
 CONCLUSION
 
 9
 For the foregoing reasons, the decision of the district court is
 
 
 10
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 EASTERN DISTRICT OF WISCONSIN
 
 11
 United States of America, Plaintiff,
 
 
 12
 vs.
 
 
 13
 Raymond Bruce Belton, Defendant.
 
 Case No. 90-C-773
 
 14
 (88-Cr-130)
 
 
 15
 Aug. 13, 1990.
 
 ORDER
 
 16
 Raymond Bruce Belton has filed a motion attacking his sentence pursuant to 28 U.S.C. § 2255. Rule 4 governing § 2255 motions requires that the Court preliminarily consider and summarily dismiss this motion if it plainly appears that Mr. Belton is not entitled to relief.
 
 
 17
 A jury convicted Mr. Belton of conspiracy to possess more than five kilograms of cocaine and intending to distribute it in the Milwaukee area. This Court sentenced him to thirty years in prison as a career offender. The defendant appealed this sentence, and the United States Appeals affirmed this Court's sentence on November 20, 1989.
 
 
 18
 Mr. Belton cites five grounds in support of his motion. First, he asserts that the grand jury indictment was defective, in that it failed to identify all of the essential elements of the offense charged, thereby making it impossible to adequately prepare for a defense at trial. This ground is manifestly without merit, as a cursory review of the indictment reveals its standard character. Further, Mr. Belton has failed to cite which elements of the offense were not charged making it impossible to prepare a defense. Second, he avers that the petit jury was given written copies of the instructions which it used in deliberations. Mr. Belton states that this action invited interpretation by the jury of the Court's instructions despite their lack of expertise. Allowing the jury to have copies of the instructions is standard procedure in criminal cases in this district, and is not a basis for attacking Mr. Belton's conviction and thus his sentence.
 
 
 19
 Third, Mr. Belton advances that the instructions to the petit jury used the word "knowingly" in a fashion that relieved the government of the need to prove all the elements of the charge. But the Court instructed the jury with the standard "Bauer Committee" Seventh Circuit pattern instruction on the definition of "knowingly," vitiating this as a basis for Mr. Belton's motion. Fourth, Mr. Belton contends that the Court did not instruct the petit jury regarding the testimony of an accomplice and testimony based on a grant of immunity. Yet a brief review of the instructions used in this case demonstrates that such an instruction was tendered. Finally, Mr. Belton asserts that he was denied effective assistance of counsel. The standard that Mr. Belton must meet in this regard, articulated in Strickland v. Washington, 466 U.S. 668 (1984), is very difficult. To obtain relief, Mr. Belton must show both that his counsel's performance fell below an objective standard of reasonableness, id. at 687-88, and that there is a reasonable probability that but for his counsel's performance, the result of the proceeding would have been different. Id. at 694. Although this Court is only to make a preliminary determination at this stage under Rule 4 governing § 2255 motions, it notes that the facts which Mr. Belton cites in support of the proposition that his trial counsel ineffectively assisted him are the four grounds cited and rejected above. Thus, no factual basis exists for his fifth ground in support of this § 2255 motion.
 
 
 20
 Because Mr. Belton is not entitled to relief from his sentence under any of the grounds he has cited, his motion is DISMISSED.
 
 
 21
 SO ORDERED at Milwaukee, Wisconsin, this 13th day of August, 1990.
 
 
 22
 /s/ ROBERT W. WARREN
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs