986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margarito E. GUERRA, Defendant-Appellant.
 No. 91-2885.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 3, 1993.
Decided Feb. 19, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Margarito Guerra pleaded guilty to a one count indictment charging conspiracy to distribute marijuana. 21 U.S.C. §§ 841(a)(1) & 846. In accordance with Anders v. California, 386 U.S. 738 (1967) and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), Guerra's appointed counsel filed a motion to withdraw, along with a brief supporting his belief that an appeal would be frivolous. Pursuant to Circuit Rule 51(a), Guerra was notified of his attorney's motion to which Guerra responded. Finding no meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 In the Anders brief counsel discusses potential sentencing guideline issues upon which an appeal may be based: (1) the quantity of marijuana relied on to determine the base offense level, (2) the court's refusal to grant a downward adjustment under § 3B1.2 for Guerra's role in the offense, and (3) the determination that Guerra was a career offender under § 4B1.1.
 
 
 3
 Because Guerra also identifies the quantity of drug as an appealable issue we address this issue first. The determination of the quantity of drugs used to calculate the sentence is a factual determination to be made by the sentencing judge, and will not be disturbed unless clearly erroneous. United States v. Hoffman, 957 F.2d 296, 300 (7th Cir.), cert. denied, 112 S.Ct. 2315 (1992). Whether or not personally involved in each transaction, a conspirator will be held liable for the quantities of drugs agreed to be distributed which was "reasonably foreseeable by the defendant." See U.S.S.G. § 1B1.3. United States v. Thompson, 944 F.2d 1331, 1344 (7th Cir.1991), cert. denied, 112 S.Ct. 1177 (1992); United States v. Scroggins, 939 F.2d 416, 423 (7th Cir.1991); United States v. Osborne, 931 F.2d 1139, 1150 (7th Cir.1991). Relying on the record, the presentence investigation, and Guerra's activity as a broker of drugs, the court determined that the total amount of marijuana distributed in the conspiracy was reasonably foreseeable and thus, under the guidelines Guerra is held responsible for the total amount distributed. (Sentencing Tr. 9). Pursuant to the plea agreement Guerra conceded to involvement in brokering less than 100 kilograms of marijuana. The court noted that by stipulating the amount of marijuana attributable to the defendant as less than 100 kilograms, the government also conceded that they would be unable to prove a quantity greater than that by the preponderance of the evidence. Relying on all the above, the court made a factual determination that the quantity of marijuana distributed was 219 pounds or 99.33 kilograms, just below the 100 kilogram figure. (Sentencing Tr. 9). We agree with counsel that a challenge to these factual findings as clearly erroneous would be meritless.
 
 
 4
 A challenge to the court's refusal to grant a reduction under section 3B1.2 for Guerra's role in the conspiracy is likewise frivolous, under the particular facts of this case. In refusing to find Guerra a minor or minimal participant in the conspiracy, the court concluded that as a broker of marijuana "Mr. Guerra was indeed an integral part of the conspiracy." (Sentencing Tr. 8). See United States v. Brick, 905 F.2d 1092, 1095-96 (7th Cir.1990) (one who links the seller to a buyer plays an integral role in a drug transaction and cannot be considered a minor participant because without that person the deal may not have been consummated). The facts were undisputed that Guerra's role was to arrange marijuana sales between suppliers and buyers, and that he would receive a commission from consummated deals. (Sentencing Tr. 8). The court also noted evidence of Guerra's past experience and involvement with drugs to support a finding that he served an important role in furthering the goal of the conspiracy. (Sentencing Tr. 10). If Guerra cannot be found to be a minor participant, then clearly he is not a minimal participant. See U.S.S.G. § 3B1.2 Application Note 3. Despite Guerra's attempts to minimize his brokerage involvement, the district court's view of the facts is supported by the record and thus, we cannot hold them to be clearly erroneous.
 
 
 5
 Finally, we agree with counsel that Guerra's status as a career offender under section 4B1.1 was properly determined. At age twenty-five, Guerra met the first requirement that the defendant be at least eighteen years old at the time of the instant offense. The second requirement was fulfilled by the offense charged as a felony involving a controlled substance under 21 U.S.C. section 841(b)(1) and section 846. The final condition for applicability of section 4B1.1 requiring that the defendant have at least two prior felony convictions of either a crime of violence or a controlled substance is also supported by the record. In 1987, Guerra was given a suspended sentence for the distribution of cocaine. See U.S.S.G. § 4B1.2, Note 3 (offense classified as "prior felony conviction" if punishable by "imprisonment for a term exceeding one year ... regardless of the actual sentence imposed"); United States v. Belanger, 936 F.2d 916, 920 (7th Cir.1991). While on probation for that offense, he was arrested in 1990, for possession with intent to distribute 214 pounds of marijuana. During the pendency of the second case, and while released on bond Guerra was arrested for involvement in the present offense.
 
 
 6
 At sentencing, Guerra did not dispute his status as a career offender under section 4B1.1 but noted that the second and third offenses involved the same people, and that the convictions occurred close in time. This creates a possible argument that the convictions were part of a common scheme or plan and thus, should be treated as related for purposes of sentencing. See U.S.S.G. § 4A1.2(a)(2), Application Note 3. However, because counsel did not object to the career offender determination, the district court's finding must be upheld absent plain error. United States v. Blythe, 944 F.2d 356, 359 (7th Cir.1991) (issues not raised at the sentencing hearing are waived). Guerra was sentenced on August 2, 1991, prior to the effective date of the 1991 Amendments to the Sentencing Guidelines. We therefore assume that the court applied the 1990 Guidelines "in effect on the date the defendant [was] sentenced." 18 U.S.C. § 3553(a)(4); see also United States v. Schnell, No. 92-1847, slip op. at 4-6 (7th Cir. Dec. 21, 1992) (discussing retroactive application of guidelines).[1] We note at the outset, however, that had Guerra been sentenced under the 1991 amended Guidelines the 1990 marijuana conviction would clearly constitute a "prior conviction." See U.S.S.G. § 4A1.2, Application Note 3, (1991) (if criminal conduct is separated by arrests, the ensuing convictions are not considered related).
 
 
 7
 In computing a defendant's criminal history, section 4B1.1 defines "two prior conviction" to mean that "(A) the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense ... and (B) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of Part A" of Chapter four of the Guidelines. When a defendant is sentenced under Part B of Chapter 4, as was Guerra, reference to Part A guides us only in defining what constitutes a "prior conviction" with respect to a conviction other than the instant offense.[2] United States v. Belton, 890 F.2d 9, 10-11 (7th Cir.1989) (it is the "two prior convictions [which] must be separate from each other" in order to satisfy the requirement that defendant has "two prior convictions"); see also United States v. Wildes, 910 F.2d 1484, 1487 (7th Cir.1990) (discussing defendant's challenge to status as "career offender" claiming that because the convictions occurred close in time they should have been treated as related and concluding that application notes to § 4A1.2 are not necessarily pertinent to the terms in § 4B1.1). We have held previously that the fact that the earlier conviction may have been part of the conspiracy underlying the current conviction is irrelevant to determination of the earlier conviction as a "prior conviction." Belton, 890 F.2d at 10. Accordingly, the conviction involving the 219 pounds of marijuana is still considered a "subsequent" offense for purposes of determining career offender status even though it may have been committed in furtherance of the underlying conspiracy which was the subject of the instant offense. See id.
 
 
 8
 Although current case law from this circuit indicates that it may be possible for a defendant to demonstrate the existence of a common scheme or plan where the convictions arose from a "crime spree," no such evidence was presented in this case. United States v. Woods, 976 F.2d 1096, 1100 (7th Cir.1992) (convictions that can be characterized as arising from a "crime spree" are not considered unrelated as a matter of law). Therefore, we cannot say that it was plain error for the court to find that the earlier marijuana conviction constituted a "prior conviction" in fulfillment of the career offender provision. See United States v. Brown, 962 F.2d 560, 565 (7th Cir.1992) (because determining whether particular offenses are part of a common scheme or plan is often a "fact-intensive undertaking" due deference is given to the district court's finding). Having met the three requirements for career offender status, we agree with counsel that any challenge on appeal would be frivolous.
 
 
 9
 In his response, Guerra presents potentially appealable issues as a motion pursuant to Rule 35 to vacate the judgment of conviction. Because the Rule contains no language allowing a criminal defendant to bring a Rule 35 motion before an appellate court, we interpret his "motion" under Circuit Rule 51(a) as a response to his Counsel's Anders motion.[3] See FED.R.CRIM.P. 35. However, we note that to the extent Guerra is attempting to challenge the judgment of conviction, Rule 35 is not an appropriate device. See id.
 
 
 10
 Guerra does present an appropriate challenge for appeal, however, in claiming that the indictment failed to state an offense. Although Guerra's plea of guilty does not bar this subsequent challenge to the indictment, it is nevertheless without merit. United States v. Broce, 488 U.S. 563 (1989); United States v. Di Fonzo, 603 F.2d 1260, 1263 (7th Cir.1979), cert. denied, 444 U.S. 1018 (1980). Read as a whole, an indictment is sufficient if it adequately apprises the defendant of the charge against him so that he can prepare a defense, and enables the defendant to assess any double jeopardy problems the charge may raise. United States v. Spears, 965 F.2d 262, 279 (7th Cir.), cert. denied, 113 S.Ct. 502 (1992); United States v. Stout, 965 F.2d 340, 344 (7th Cir.1992). The indictment alleged a knowing and intentional conspiracy to distribute marijuana, the time during which the conspiracy was operative, and the applicable statutes and was thus, sufficient to charge a violation of 21 U.S.C. section 841(a)(1) and section 846. See Spears, 965 F.2d at 279.
 
 
 11
 As an alternative argument to the sufficiency of the indictment, Guerra contends that he was deprived of due process when the prosecutor allegedly withheld exculpatory evidence and knowingly introduced and argued false evidence. Presumably Guerra is referring to the prosecutor's conduct at the grand jury stage because he states "the prosecutors repeated references in the closing argument to the false evidence, in itself, could lead to violations of due process." (Rule 51(a) Response at 12). By pleading guilty, however, Guerra admitted to the facts as charged and is therefore, precluded from subsequently challenging constitutional violations arising prior to the plea, including the right to present an entrapment defense. United States v. Nunez, 958 F.2d 196, 200 (7th Cir.1992) (entrapment is a non-jurisdictional defense on the merits and is waived by entry of guilty plea) (citing Eaton v. United States, 458 F.2d 704, 707 (7th Cir.), cert. denied, 409 U.S. 880 (1972)); see Broce, 488 U.S. at 574 (a criminal defendant who pleads guilty waives the right to challenge alleged violations of constitutional rights that are unrelated to the plea agreement); Borre v. United States, 940 F.2d 215, 217 (7th Cir.1991) (same); Di Fonzo, 603 F.2d at 1263 (plea of guilty is an admission to all stated allegations of the indictment); see also United States v. Williams, 112 S.Ct. 1735, 1744 (1992) (no right to have exculpatory evidence presented to grand jury); United States v. Gardner, 860 F.2d 1391, 1395 (7th Cir.1988) (same), cert. denied, 490 U.S. 1023 (1989); United States v. Fountain, 840 F.2d 509, 514-515 (7th Cir.) (once convicted, challenges to the sufficiency of evidence before the grand jury are moot), cert. denied, 488 U.S. 982 (1988).
 
 
 12
 "When the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." Broce, 488 U.S. at 569 (a voluntary and intelligent plea of guilty made with the advice of competent counsel may not be collaterally attacked); United States v. Brown, 870 F.2d 1354, 1358 (7th Cir.1989) ("Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked"). The record reveals that in compliance with Federal Rule of Criminal Procedure 11, Judge Shabaz conducted a careful and thorough plea colloquy with Guerra. See Broce, 488 U.S. at 570 (discussing the importance of compliance with Rule 11 in accepting a guilty plea); Key v. United States, 806 F.2d 133, 136 (7th Cir.1986) (the record of Rule 11 proceeding is "entitled to a presumption of veracity). Guerra responded affirmatively that he was entering his plea freely. (Plea Hearing Tr. at 15, 21). He also acknowledged that he understood the nature of the charge, the potential sentencing range, and that by pleading guilty he was effectively waiving certain constitutional rights. (Plea Hearing Tr. 15-23). Accordingly, Guerra is bound by his plea of guilty. United States v. McFarland, 839 F.2d 1239, 1242 (7th Cir.) (when entering a guilty plea, voluntary responses made under oath, shall be binding), cert. denied, 486 U.S. 1014 (1988); United States v. Ellison, 798 F.2d 1102, 1106 (7th Cir.1986), cert. denied, 479 U.S. 1038 (1987).
 
 
 13
 Finding no non-frivolous grounds for appeal in this case, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 [1]
 The question of retroactivity is not relevant here because the result would not have differed under either the 1990 or the 1991 version of the Guidelines
 
 
 [2]
 A "prior sentence" may be used in determining a defendant's prior criminal history only if it was a "sentence previously imposed ... for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Further clarification provided by Application note 1 explicitly states that "a sentence imposed after the defendant's commencement of the instant offense, but prior to the sentencing on the instant offense, is a prior sentence [only] if it was for conduct other than conduct that was part of the instant offense." However, to establish career offender status under Part B, "the sentences that must be separate in this sense are the sentences imposed for the prior convictions...." Belton, 890 F.2d at 11
 
 
 [3]
 There is no evidence in the record that a Rule 35 motion has been filed with the district court from which an appeal could be taken