991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Helen Delores JACKSON, Defendant-Appellant.
 No. 92-5724.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 29, 1993
Decided: April 21, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Sr., District Judge. (CR-92-112-D)
 Anne Rebecca Littlejohn, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Benjamin H. White, Jr., Assistant United States Attorney, for Appellee.
 M.D.N.C.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Helen Delores Jackson entered a guilty plea to conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C.A. § 846 (West Supp. 1992). She appeals the sentence she received, contending that the district court erroneously sentenced her as a career offender, failed to grant her a reduction in offense level for acceptance of responsibility, and refused to depart below the guideline range under guideline section 4A1.3.[1] We affirm in part and dismiss in part.
 
 
 2
 Jackson stipulated that her participation in the conspiracy began in late July or early August 1989. On August 18, 1989, she was convicted in state court of distributing cocaine in November 1988, an unrelated offense. Jackson was given a suspended sentence and continued her participation in the (federal) heroin conspiracy. Under guideline section 4B1.2(3), to be a career offender a defendant must have committed the instant offense subsequent to sustaining two prior felony convictions. Jackson argued at her sentencing that the August 18, 1989, conviction was not a prior conviction because it was sustained after she began the instant offense. However, the district court decided that the August 18 conviction was a prior conviction because Jackson's conduct in the instant offense continued after August 18. We agree with this interpretation of section 4B1.2(3). See United States v. Elwell, F.2d, No. 91-1621, 1993 WL 8682 at*7-9 (1st Cir. Jan. 20, 1993); United States v. Belton, 890 F.2d 9 (7th Cir. 1989).
 
 
 3
 In her interview with the probation officer, Jackson denied any knowing involvement in the conspiracy. At sentencing, however, she stipulated that the government could show that she helped initiate the conspiracy in August and September 1989. Because Jackson did not affirmatively accept responsibility for her criminal conduct, the district court was not clearly erroneous in denying her a reduction under section 3E1.1. We do not review the district court's discretionary decision not to depart below the career offender guideline range on the ground that classifying her as a career offender overstated the seriousness of her past criminal conduct. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).[2]
 
 
 4
 The judgment of the district court is accordingly affirmed; to the extent Jackson challenges the district court's failure to depart, the appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)
 
 
 [2]
 Jackson received a substantial departure below the career offender guideline range on the government's motion for a departure under section 5K1.1