Raymond B. BELTON, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 02–4343.

United States Court of Appeals,
Seventh Circuit.

Submitted July 23, 2003.*

Decided July 23, 2003.

Before CUDAHY, POSNER, and
RIPPLE, Circuit Judges.

## ORDER

Since 1989 federal inmate Raymond Belton has been serving a 360–month term of imprisonment for conspiracy to possess cocaine with intent to distribute. The district court imposed that sentence after characterizing Belton as a "career offender," *see* U.S.S.G. § 4B1.1, and we affirmed his sentence in *United States v. Belton*, 890 F.2d 9 (7th Cir.1989). In early 2002, Belton filed a motion, ostensibly under 18 U.S.C. § 3582(c)(2), asking the district court to reduce his sentence based on what he claimed was a retroactive amendment of the sentencing guidelines. Had the revised guidelines been in effect when he was sentenced, said Belton, he would not have qualified as a career offender. The district court, relying on its discretionary authority to refuse a reduction under § 3582(c)(2) even if an amended guideline would have resulted in a lower sentence, denied Belton's motion. Belton appeals, and because we conclude that the district court had no authority to grant the requested reduction in any event, we affirm.

To qualify as a career offender, a defendant must already have two felony convic-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

tions for a crime of violence or a "controlled substance offense." *See* U.S.S.G. § 4B1.1. Belton did have two felony convictions before his federal sentencing, but we know from his direct appeal that one of them was for a drug offense that occurred as part of the conspiracy for which he was convicted in federal court. Belton also says without contradiction from the government that one of his two convictions was for simple possession, although we cannot tell from the record whether this is the same drug conviction addressed on direct appeal. The parties easily could have provided us with this information, but ultimately it is not necessary to decide the appeal.

In his motion under § 3582(c)(2), Belton claims that Amendment 433 to the guidelines changed the definition of "controlled substance offense" to exclude convictions for simple possession; accordingly, he argues that after the adoption of Amendment 433 in 1991 he could not have been sentenced as a career offender. Section 3582(c)(2) confers upon a sentencing court the discretionary authority to shorten a term of imprisonment if subsequent amendments to the guidelines have lowered the relevant sentencing range, so long as reducing the prison sentence would be consistent with the policies of the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *United States v. Tidwell,* 178 F.3d 946, 949 (7th Cir.1999). Section 1B1.10 of the guidelines identifies the amendments that the Sentencing Commission has authorized courts to apply retroactively, and Amendment 433 is included in the list. U.S.S.G. § 1B1.10(c). Amendment 433, therefore, is a proper basis on which to make a § 3582(c) motion.

A reading of Amendment 433, however, reveals that it alters the term "crime of violence" in U.S.S.G. § 4B1.2, but has nothing whatever to do with the definition of "controlled substance offense." Simply stated, Belton misrepresented the content of Amendment 433 and could not have been eligible for a reduced sentence based on that amendment. Belton is correct that a guideline amendment adopted after his sentencing clarified that simple possession was never intended to fall within the definition of a "controlled substance offense," but that was Amendment 268, not 433. Amendment 268 in fact included two changes that would have affected Belton's sentence. First, as indicated, the Sentencing Commission clarified that a conviction for simple possession does not constitute a predicate conviction for purposes of sentencing as a career offender. *See United States v. Atkinson,* 979 F.2d 1219, 1222 (7th Cir.1992). Second, the amendment clarified that a previous conviction for conduct overlapping with the current offense cannot be counted as a predicate offense in applying the career offender guideline. *See* U.S.S.G.App. C, amend. 268. But the Sentencing Commission elected not to make Amendment 268 retroactive, *see* § 1B1.10, so it would not be a proper basis on which to bring a § 3582(c) motion for a sentence reduction. Because the basis for Belton's claim is not a retroactive change in the sentencing guidelines, his claim is not authorized under § 3582(c). *See United States v. Smith,* 241 F.3d 546, 548 (7th Cir.2001).

In their briefs, the parties debated whether the district court had built a sufficient record before exercising its discretion under § 3582(c). There arguably is a circuit split over whether a district court must first articulate the sentence it would give a defendant using the new amendment before deciding whether to exercise its discretion to reduce the original sentence. *See United States v. Legree,* 205 F.3d 724, 728 (4th Cir.2000) (no requirement that district court articulate new guideline range); *United States v. Wyatt,* 115 F.3d 606, 608–09 (8th Cir.1997) (requiring a calculation on the record). We

do not express an opinion on this issue because there is no retroactive amendment applicable to Belton's sentence with which to calculate a new guideline range.

The government never alerted the district court that Amendment 433 did not alter the guideline provisions under which Belton was sentenced, and the district court thus accepted Belton at his word and assumed that Amendment 433 applied to Belton's sentencing calculation. The court then moved immediately to the last step in the process outlined under § 3582(c) and decided, as a matter of discretion, not to reduce Belton's sentence because it concluded that no reduction was warranted given Belton's particular crime and his "criminal history." As we have said, Amendment 433 afforded Belton no basis for seeking relief under § 3582(c)(2), and thus the district court had no discretion to grant the requested reduction. For that reason, the judgment of the district court is AFFIRMED.