**UNITED STATES, Plaintiff–Appellee,**

v.

**Paul I. EKBLAD, Defendant–Appellant.**

**Nos. 02–4306, 03–1193.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 20, 2004.[*]

Decided March 5, 2004.

Rehearing with suggestion for Rehearing En Banc Denied April 22, 2004.

Appeals from the United States District Court for the Western District of Wiscon-

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

sin. No. 02–CR–57–S. John C. Shabaz, Judge.

Daniel J. Graber, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Paul Ekblad, pro se, Federal Prison Camp, Duluth, MN, for Defendant–Appellant.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Paul I. Ekblad, proceeding pro se, appeals his convictions on one count of interfering with the administration of the internal revenue laws, 26 U.S.C. § 7212(a), and three counts of making a false statement in an IRS form, *id.* § 7206(1). Ekblad argues that the district judge should have recused himself and that trial counsel was ineffective. Although we do not disturb Ekblad's convictions, we remand the case to correct a sentencing error.

In April 1999 Ekblad filed with the IRS three IRS Form 8300s in which he falsely represented under penalty of perjury that a public employee–a Wisconsin district attorney, an agent of the Wisconsin Department of Revenue, and an IRS agent, respectively–had received on his behalf in a "suspicious" cash transaction an amount exceeding $10,000. With limited exceptions the Internal Revenue Code requires that persons engaged in a trade or business file a Form 8300 whenever they receive more than $10,000 in cash during a single transaction or in related transactions, 26 U.S.C. § 6050I(a), and in his three Form 8300s Ekblad reported amounts totaling $157,303. As a result of these filings, the IRS sent notices to the three individuals seeking additional information about the cash transactions and informing them that they would be subject to civil and criminal penalties if they did not respond. The indictment against Ekblad alleged that he filed the forms as part of a several-month campaign to retaliate against the public employees for an earlier prosecution initiated by the district attorney and for tax levies placed by the two agents.

Following return of the indictment, the district court appointed counsel for Ekblad. Upon learning that his case was assigned to Judge John C. Shabaz, Ekblad directed that his attorney move under 28 U.S.C. §§ 455(a) and 144 for Judge Shabaz to recuse himself. In his supporting affidavit Ekblad attested that he had filed a civil rights suit against Judge Shabaz in the late 1980s, and that Judge Shabaz chose to recuse himself in another suit brought by Ekblad in 1994. Ekblad did not reveal in his affidavit that Judge Shabaz was a named defendant in that 1994 lawsuit. Judge Shabaz declined to recuse himself, and trial counsel did not file with this court a petition for writ of mandamus challenging the decision.

Immediately before the trial began Ekblad moved to. discharge his counsel because counsel was refusing to file certain motions and in Ekblad's opinion had not conducted sufficient trial preparation. The court held a conference between Ekblad and his attorney. Counsel explained that he had been away most of the week before trial, but had talked with Ekblad later in the week. Counsel added that the two had worked through disagreements over trial strategy. The court found that counsel was qualified and adequately prepared, and that there were no irreconcilable differences.

At trial Ekblad insisted that he did not file the Form 8300s with a retaliatory motive. Instead, sounding well-worn tax protestor themes, he explained that he filed them because he believed that, based on

the advice of Roger Elvick, a "consultant," he was not liable for taxes and that filing these forms would enable him to receive a refund of money withheld by the federal and state government from his social security benefits and his wife's wages. Counsel had subpoenaed Elvick to testify about his conversation with Ekblad, but Elvick did not appear. To remedy Elvick's absence, the court permitted counsel to elicit through Ekblad the advice he received from Elvick, with the stipulation that the government would not question the existence of Elvick or his purported advice either during cross-examination or in closing argument. Additionally, Ekblad also pressed counsel to raise standard tax protestor arguments. Although counsel would not make these arguments to the jury, he did submit to the court several affidavits by Ekblad attesting to common beliefs held by tax protestors.

The jury found Ekblad guilty on all four counts. At sentencing Ekblad again asked to remove his attorney, listing a host of alleged errors ranging from not making tax protestor arguments to the failure to call certain witnesses. The court held another hearing and concluded that had counsel followed Ekblad's directives, the court would have sanctioned him. Ekblad then agreed to continue with counsel during sentencing. The probation officer in his presentence investigation report had recommended sentences in the range of 30 to 37 months, and the court imposed concurrent 37–month terms on each count. The court also ordered Ekblad to pay the costs of prosecution. *See* 26 U.S.C. § 7206. The court commented that Ekblad's conduct at sentencing had been the "most obstreperous conduct this Court has ever encountered in a courtroom."

Ekblad's counsel filed a timely notice of appeal, which we docketed as appeal no. 02–4306. But on the day after sentencing,

Ekblad had moved for a new sentencing hearing on the ground that he was denied his right to allocute, see Fed.R.Crim.P. 32(i)(4)(A)(ii), and after the court denied the motion, Ekblad filed a second, pro se notice of appeal, which we docketed as appeal no. 03–1193. Because Ekblad makes no argument here concerning the district court's compliance with Rule 32, we dismiss appeal no 03–1193 as unnecessary.

On appeal Ekblad first argues that Judge Shabaz improperly denied his motion for recusal under 28 U.S.C. §§ 455(a) and 144. Because trial counsel did not seek review of the court's ruling by petitioning for a writ of mandamus prior to trial, we review the denial of the motion only under § 144, not § 455(a). *See United States v. Ruzzano*, 247 F.3d 688, 694 (7th Cir.2001).

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). But when a party files a timely and sufficient affidavit alleging personal prejudice against the party, a judge should recuse himself. *Tezak v. United States*, 256 F.3d 702, 716–17 (7th Cir.2001). A sufficient affidavit contains facts that, if true, would convince a reasonable person that actual bias or prejudice exists on the part of the judge. *United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir.1990). And counsel must certify that the affidavit is made in good faith. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir.1993).

■ We do not find Ekblad's affidavit sufficient to support his allegations of personal prejudice. The last of Ekblad's two lawsuits against Judge Shabaz occurred about eight years before this criminal case was commenced, and there are no facts in the affidavit hinting at personal animus

arising from those cases, and certainly none that persists. *See Tezak*, 256 F.3d at 717 (explaining that affidavit citing events more than eight years old did not evidence that alleged bias persisted); *United States v. Balistrieri*, 779 F.2d 1191, 1200–01 (7th Cir.1985) (noting that affidavit suffered from "clear weakness" where it described events ten to twelve years old but lacked facts evidencing that alleged bias persisted). Since Ekblad's last suit against him, Judge Shabaz has presided over two civil cases where Ekblad was a party. Ekblad's affidavit includes no details about the past litigation involving Judge Shabaz, not even the outcome. *See Tezak*, 256 F.3d at 717 (facts must be " 'sufficiently definite and particular to convince a reasonable person that bias exists' " (internal citation omitted)); *Barnes*, 909 F.2d at 1071 (factual allegations must be definite as to times, places, persons, and circumstances). Nor does the affidavit include any allegations to suggest that Judge Shabaz manifested personal animus in his conduct during the later civil cases. Indeed, Ekblad's affidavit contains nothing but the kind of unsupported conclusion of prejudice that we have rejected as inadequate. *See Tezak*, 256 F.3d at 717; *Barnes*, 909 F.2d at 1071. Moreover, we reject any suggestion that Ekblad's recusal argument is strengthened by Judge Shabaz's comment about Eklad's "obstreperous conduct" at sentencing. The judge voiced his irritation about Ekblad's persistent efforts to submit frivolous arguments, but the court's comment does not evidence prejudice against Ekblad. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."); *Tezak*, 256 F.3d at 718.

Next, Ekblad argues that trial counsel rendered ineffective assistance due to a litany of alleged errors. Even though a defendant may raise an ineffective assistance claim on direct appeal, that claim is best suited for a collateral challenge where there is a better opportunity to develop the record for that purpose. *United States v. Farr*, 297 F.3d 651, 657 (7th Cir.2002). In this case, despite two ex parte hearings on whether counsel provided ineffective assistance, the trial record still does not contain sufficient information for us to review this claim on direct appeal. *Cf. United States v. Brooks*, 125 F.3d 484, 496 (7th Cir.1997). The hearings were brief and cursory, focusing mostly on counsel's failure to make Ekblad's frivolous tax protestor arguments rather than counsel's reasons behind certain trial decisions and specifics about his communication with Ekblad. Moreover, Ekblad does not elaborate on any of these alleged errors in his brief. Hence, we decline to address the ineffective assistance claim on direct appeal and instead leave Ekblad free to raise the claim in a subsequent collateral action. *See Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *Brooks*, 125 F.3d at 495 (noting that resolution of ineffective assistance claim brought prematurely on direct appeal without adequate record development will have preclusive effect on any subsequent collateral effort that may have had greater likelihood of success).

█ We now turn sua sponte to address an error we discovered in the imposition of Ekblad's sentence. *See United States v. Schnell*, 982 F.2d 216, 219 (7th Cir.1992) (court may remand sua sponte if it finds an error in sentencing even if neither party objected); *United States v. Belanger*, 936 F.2d 916, 920 (7th Cir.1991) (remanding sua sponte after court discovered sentenc-

ing error caused by misreading of a statute). The district court sentenced Ekblad to concurrent 37–month terms, at what it thought was the high end of the allowable range under the United States Sentencing Guidelines. However, both statutes, § 7212 and § 7206, under which Ekblad was convicted, have statutory maximum penalties of three years. Because Ekblad's sentences exceed by one month the maximum term of imprisonment set forth in the statutes, the court imposed illegal sentences. *See United States v. Gibson,* 356 F.3d 761 (7th Cir.2004).

Accordingly we VACATE the sentences and REMAND appeal no. 02–4306 to the district court for further proceedings, and DISMISS appeal no. 03–1193.