**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kirk D. GARECHT, Defendant–Appellant.**

**No. 98–3295.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 12, 1999.

Decided July 7, 1999.

Timothy A. Bass (argued), Office of the U.S. Attorney, Springfield, IL, for Plaintiff–Appellee.

Thomas W. Patton (argued), Office of the Federal Public Defender, Springfield, IL, for Defendant–Appellant.

Before FLAUM, EASTERBROOK, and MANION, Circuit Judges.

MANION, Circuit Judge.

Kirk Garecht participated in a conspiracy to distribute marijuana from 1988 to 1993. He pleaded guilty, and was sentenced to 96 months of incarceration. He had previous convictions of battery and cocaine distribution. Garecht appeals, claiming that the conviction for the marijuana distribution, the "instant offense," was related to the same conspiracy that resulted in his cocaine conviction, and that

the related cocaine conviction could not be counted as a "prior felony conviction" for career offender purposes. We conclude that the computations of criminal history under § 4A1.2 apply to the counting of convictions for a career criminal under § 4B1.1. Because the marijuana conviction, the conviction under review, is related to the earlier cocaine conviction, the cocaine conviction cannot be counted as a separate conviction. Thus we remand for resentencing.

## I.

Between 1988 and 1993, Garecht bought and resold cocaine and marijuana in Illinois and Texas. In October 1993, Garecht was arrested after receiving a shipment of several pounds of marijuana. He began cooperating with the authorities and was not indicted until July 1997. Garecht pleaded guilty to conspiracy to possess marijuana with intent to distribute. 21 U.S.C. §§ 841, 846. Significantly, this conviction was for conspiracy for conduct occurring from 1988–1993.

A Pre–Sentence Report (PSR) was prepared, which concluded that Garecht should be sentenced as a career offender. A defendant is subject to being sentenced as a career offender once he is convicted of his third violent or drug-related felony. U.S.S.G. § 4B1.1. The PSR counted a 1981 aggravated battery conviction in Illinois state court as the first conviction, and a 1992 Texas conviction for possession of cocaine with intent to distribute (the "cocaine conviction") as the second.[1] As a result, Garecht's offense level was increased from 21 to 31, and his criminal history category was raised from Category IV to Category VI.[2]

Garecht objected to his classification as a career offender. He argued that because the two drug convictions arose out of the same drug conspiracy, the 1992 Texas cocaine conviction was related to his current marijuana conviction, and therefore could not be counted as a prior conviction for career offender purposes. If the cocaine conviction is not counted as a conviction for career offender purposes, then Garecht would have only one prior conviction and could not be sentenced as a career offender.

The district court found that the 1992 cocaine conviction was unrelated to the marijuana conviction, and sentenced Garecht as a career offender. We agree with Garecht that his 1992 cocaine conviction cannot be counted as a prior conviction for career offender purposes, and therefore, we reverse and remand for resentencing.

## II.

This appeal presents itself in an unusual posture. Garecht contends that the cocaine conviction and the marijuana conviction are related, and that the district court clearly erred in holding otherwise. The government does not dispute this. Rather, it argues that under the Sentencing Guidelines, even if a prior conviction is related to the charged offense it is still counted for career offender purposes. Therefore, even if Garecht's 1992 cocaine conviction is related to his marijuana conviction, the government contends that the district court properly sentenced Garecht as a career offender.

Nevertheless, although the government does not really dispute the issue, this court still needs to ascertain whether Garecht's

---

1. Garecht was arrested for possession of cocaine in 1991, and convicted in the Texas state court in 1992. He served only six months of a ten-year sentence before being released on parole and returning to the drug distribution conspiracy.

2. In the absence of the career offender status, it appears that Garecht's Guideline range would have been 57–71 months, instead of 188–235 months. The district court sentenced Garecht at the bottom of the Guideline range and also gave him a 50% downward departure for an extraordinary physical impairment, involving Garecht's heart condition.

cocaine conviction is related to his marijuana conviction. If they are related, then we must address whether a conviction related to the charged offense may be counted for career offender purposes.

## A. Are the cocaine and marijuana convictions related offenses?

 Whether the convictions are related depends on whether the cocaine conviction would be considered "relevant conduct" to the marijuana conviction. *See* U.S.S.G. § 4A1.2, Application Note 1 ("Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct).").[3] Commentary and Application Notes to the Sentencing Guidelines are not mere legislative history. They are binding on the courts unless they contradict the plain meaning of the text of the Guidelines. *Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Under U.S.S.G. § 1B1.3, a criminal offense constitutes relevant conduct to another offense if the two offenses are part of a common scheme or plan, connected by at least one common factor (for example, a common victim or purpose). *See* U.S.S.G. § 1B1.3, Application Note 9. The government offers no argument why the cocaine conviction is not relevant conduct to the marijuana conviction, and our own review of the record persuades us that it is in fact relevant conduct. Garecht obtained both cocaine and marijuana from the same supplier, Augustine Bosquez. Additionally, the marijuana and cocaine conspiracy occurred during the same time frame. Garecht resold marijuana from his Texas connections between 1988 and 1993, and he was found to have cocaine and marijuana

from Bosquez when he was arrested in 1991. Thus, the conduct underlying both convictions occurred during the same time frame, relied on the same drug supplier, and involved a common purpose (the resale of controlled substances for profit). These commonalities are more than sufficient to warrant a finding of relevant conduct. *See, e.g., United States v. Wyss,* 147 F.3d 631, 632 (7th Cir.1998) (cocaine purchased for resale is relevant conduct to conviction for possession of marijuana with intent to distribute).

 The government notes that according to Application Note 8 to U.S.S.G. § 1B1.3, if two offenses are separated by an intervening sentence, one cannot be relevant conduct to the other offense. This Note gives two examples: a defendant sells cocaine, and is arrested, convicted and sent to state prison. Immediately upon release, the same defendant sells cocaine under identical circumstances. The Application Note indicates that the first crime is not part of the same course of conduct as the second, despite their similarity. However, the Note also states where the defendant makes two cocaine sales, and is charged in federal court for one and state court for the other, the state court conviction would be relevant conduct to the federal charge and is not a prior sentence under U.S.S.G. § 4A1.2(a)(1).[4]

Garecht seems to fall somewhere between the two examples provided in the Application Note. The federal indictment charged Garecht with conspiracy to sell marijuana both before he was arrested and jailed in Texas for the cocaine violation, and after he was released from the Texas prison. As the government charged Garecht with conspiracy beginning in 1988,

---

**3.** As discussed below, the parties dispute whether § 4A1.2 applies to § 4B1.1, the career offender provision. We rely on Application Note 3 to § 4B1.2 as significant guidance to the conclusion that § 4A1.2 does apply.

**4.** Application Note 3 to § 4A1.2 adopts a similar rule: "Prior sentences are not considered related if they were for offenses that were

separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." This Note only addresses the relationship between the prior sentences; U.S.S.G. § 4A1.2(a)(1) clarifies that the prior sentences must be for conduct that is not related to the charged offense.

three years before he in fact possessed the cocaine underlying the Texas conviction, we cannot conclude that Garecht was arrested for the cocaine offense prior to committing the marijuana offense. Thus, Garecht's cocaine conviction is relevant conduct to the marijuana conviction, and the district court clearly erred in holding otherwise.

**B. Is a prior conviction related to the instant offense counted as a prior felony conviction for career offender purposes?**

Garecht contends that because the cocaine conviction was related to the marijuana conviction, it should not be counted as a prior conviction for career offender purposes. As we noted in *United States v. Coleman*, 38 F.3d 856, 860 (7th Cir.1994), "the same rules apply" to § 4A1.1 (criminal history) and § 4B1.1 (career offender). When a conviction results in a higher criminal history score, it also may serve as a prior felony conviction for determining career offender status. But a conviction related to the crime for which the defendant is being sentenced does not change the criminal history score. *See United States v. Berkey*, 161 F.3d 1099, 1103 (7th Cir.1998). Therefore, the prior, related conviction could not serve as a prior felony conviction. Because Garecht's cocaine conviction is related to his marijuana conviction, Garecht contends he has only one prior felony conviction (the Illinois assault conviction).

The leading case to address the relationship between U.S.S.G. § 4A1.2 (Definitions and Instructions for Computing Criminal History) and the career offender provisions in § 4B1.1 and § 4B1.2 is *United States v. Belton*, 890 F.2d 9 (7th Cir.1989). We stated:

> Belton notes that the definition of "two prior convictions" refers to Part A of Chapter 4 of the guidelines, where we read that in adjusting a defendant's sentence for his prior criminal history the judge may use as a "prior sentence"

only a "sentence previously imposed ... for conduct not part of the instant offense." § 4A1.2(a)(1). Therefore, as the first application note to section 4A1.2 makes explicit, "a sentence imposed after the defendant's commencement of the instant offense, but prior to the sentencing on the instant offense, is a prior sentence [only] if it was for conduct other than conduct that was part of the instant offense." If Belton were being sentenced under Part A of Chapter 4, the California conviction and sentence would not be a part of his criminal history usable to enhance his sentence.

*Id.* at 11 (alteration in original). The *Belton* court had good reason to conclude that § 4A1.2(a)(1) did not apply. At the time *Belton* was argued, Application Note 4 [now 3] to U.S.S.G. § 4B1.2 read:

> The provisions of § 4A1.2(e) (Applicable Time Period), § 4A1.2(h) (Foreign Sentences), and § 4A1.2(j) (Expunged Convictions) are applicable to the counting of convictions under § 4B1.1. Also applicable is the Commentary to § 4A1.2 pertaining to invalid convictions.

Because § 4A1.2(a)(1) did not then apply to the career offender analysis under § 4B1.1, the offense could be used as a prior offense for career offender purposes, although it was not part of Belton's criminal history. However, after Amendment 268 to the United States Sentencing Guidelines became effective on November 1, 1989, this Application Note reads:

> The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1.

Amendment 268 purports to "clarif[y] that all pertinent definitions and instructions in § 4A1.2 apply to this section." When *Belton* was argued, § 4A1.2(a) was not included as one of the sections applicable to the counting of convictions. Thus, *Belton* acknowledged that if § 4A1.2(a) had applied, then the conviction would not have been counted as a prior felony conviction for career offender purposes. Subsequently,

the Application Note, which as noted above is not mere legislative history, *see Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), incorporated all of § 4A1.2 into the career offender analysis. Now, because Amendment 268 incorporates § 4A1.2(a)(1) (among other provisions) into the career offender analysis, Garecht's cocaine conviction, not included in his prior criminal history, also cannot be used as a prior felony conviction for career offender purposes.[5]

Each step in the above analysis is supported by case law. In *United States v. Berkey*, 161 F.3d at 1103, we held that conduct relevant to the charged offense is not included in the criminal history score calculated under U.S.S.G. § 4A1.1. This confirms *Belton*'s acknowledgment regarding the potential effect of § 4A1.2(a)(1). Thus, the only remaining question is whether the methodology for counting convictions in Part A of Chapter 4 applies to Part B of Chapter 4.

In *United States v. Linnear*, 40 F.3d 215, 223 (7th Cir.1994), a defendant challenged the counting of convictions for career offender status. *Linnear* first cited the above Application Note 3 (which was Application Note 4 at the time but otherwise identical), and then analyzed the defendant's convictions under § 4A1.2. *Id.* at 223 n. 6. *Linnear* ultimately concluded that Linnear's prior conviction could be counted for career offender status because "Linnear ... presented no evidence that his conviction on the 1990 offense was in any way related to his conviction in the instant case." *Id.* at 223. It is apparent from this discussion that had Linnear's 1990 offense been related to the conviction for which he was being sentenced, it would not have been a "prior felony conviction" for career offender purposes. If we apply this conclusion to Garecht's situation, where the prior cocaine offense and the

instant marijuana offense are related, then the cocaine conviction could not serve as a prior felony conviction for career offender purposes. *See also United States v. Coleman*, 38 F.3d at 860.

Additionally, the Eighth Circuit has specifically addressed whether conduct which is part of the instant offense may serve as a prior felony conviction for career offender purposes. In *United States v. Kenyon*, 7 F.3d 783, 787 (8th Cir.1993), the district court relied on a prior cocaine conviction to support a finding of career offender status in sentencing the defendant for conspiracy to distribute cocaine. The Eighth Circuit found that the first cocaine conviction constituted "part of the instant offense," and could not be counted for criminal history purposes. *Id.* It further noted that, by virtue of Application Note 3 to U.S.S.G. § 4B1.2, a conviction must be includable in a criminal history calculation before it could be counted as a "prior felony conviction" for career offender purposes. Accordingly, the Eighth Circuit remanded the case for resentencing. Given that Garecht's cocaine conviction is related to his marijuana conviction, Garecht's case is indistinguishable from *Kenyon*.

Like *Linnear*, *Coleman*, and *Kenyon*, many courts have held that the definitions in § 4A1.2 also apply to the career offender analysis. In *United States v. Bankston*, 121 F.3d 1411, 1413 (11th Cir.1997), the Eleventh Circuit was faced with the question of whether a plea of guilty but mentally ill could be counted as a predicate offense for career offender status. The Eleventh Circuit cited Application Note 3 to § 4B1.2, and then analyzed this claim under § 4A1.2(a)(4). *See also United States v. Vea–Gonzales*, 999 F.2d 1326, 1331 (9th Cir.1993) ("No doubt, the district court must apply the provisions of § 4A1.2 in determining whether a defendant's prior conviction counts towards career offender

---

**5.** Because this opinion holds that Amendment 268 changes the rule set out in *United States v. Belton*, 890 F.2d 9 (7th Cir.1989), the opinion was circulated among all of the judges of

this court in regular active service, pursuant to Circuit Rule 40(e). A majority of the full court voted not to rehear en banc.

status. U.S.S.G. § 4B1.2, Application Note 4 [now 3]."); *United States v. Peck*, 161 F.3d 1171, 1173 (8th Cir.1998) ("For Peck to meet the career offender requirements he would have had to have two prior felonies involving violence or controlled substances for which he had been sentenced within ten years of the commencement of the current offense. *See* U.S.S.G. § 4A1.2(e)(2)."); *United States v. Covington*, 133 F.3d 639, 642 (8th Cir.1998) (applying § 4A1.2(e)(1) to career offender, citing U.S.S.G. § 4B1.2, Application Note 4 [now 3] in support); *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir.1998) (career offender analysis relies on § 4A1.2(a)(2) to determine whether offenses are related); and *United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir.1998) (same).

The government advances *United States v. Marrone*, 48 F.3d 735 (3d Cir.1995), as supporting its position. *Marrone* involved convictions for RICO violations by members of the Genovese Crime Family. The district court included predicate acts to the RICO violation in one defendant's criminal history score and in another defendant's career offender analysis. The Third Circuit found that the predicate acts were properly included in the criminal history score, *see* U.S.S.G. § 2E1.1, Application Note 4, which provides the RICO predicate convictions are not part of the instant offense under § 4A1.2(a)(1). In other words, RICO presents an exception to the general rule of § 4A1.2(a)(1). Turning to the career offender analysis, *Marrone* first noted that the RICO exception in U.S.S.G. § 2E1.1 applied in the career offender analysis just as it did in the criminal history analysis. The *Marrone* court also reiterated *Belton*'s holding, but did so without discussing § 4B1.2, Application Note 3, and without referring to *Kenyon*'s discussion of this issue. As such, *Marrone* is principally about a Guideline exception to § 4A1.2(a)(1), and thus, has little relevance for cases not involving this exception.

With the incorporation of the § 4A1.2 criminal history definitions in place, we now examine the particular language of the career offender guideline. Section 4B1.2 defines a prior felony conviction as a sentence "counted separately under § 4A1.1(a), (b) or (c)." The dissent posits that this phrase must refer to *either* relatedness between the prior convictions *or* relatedness between a prior conviction and the instant offense. If we had to choose between these two propositions, the dissent's position would make sense. But in fact, the Guidelines refer to *both* relatedness between the prior convictions *and* relatedness between a prior conviction and the instant offense. U.S.S.G. § 4A1.2(a)(1) & (a)(2).

The phrase "counted separately under § 4A1.1(a), (b), or (c)" first requires the district court to ask whether a sentence would be "counted" at all under § 4A1.1 as part of the criminal history score. Examples of sentences which are not counted at all include sentences for conduct which is "part of the instant offense," and sentences for foreign, juvenile, or certain military convictions. U.S.S.G. § 4A1.2(a)(1), (d), (g) & (h). Because these sentences are not counted, they are not prior felony convictions for § 4B1.1. If the sentence is counted, the second inquiry is whether the sentence is counted separately or grouped together with other offenses for criminal history purposes. Two or more prior, related convictions increase the criminal history score, and therefore, are "counted," but they are only counted as one sentence—they are not "counted separately." Thus, only one such prior sentence can serve as a prior felony conviction for career offender purposes.

This step-by-step interpretation involves each relevant part of the Guidelines. It comports with § 4B1.2, Application Note 3, which we must follow as law. *See Stinson*, 508 U.S. at 38, 113 S.Ct. 1913. Neither the appellees nor the dissent have offered an alternative interpretation of Application Note 3 explaining why § 4A1.2(a)(1), which

plainly excludes convictions related to the instant offense, has not been incorporated. This interpretation also accords with most appellate cases addressing § 4A1.2 and § 4B1.1, including *Linnear* and *Coleman*. Importantly, it also harmonizes the parallel inquiries under the criminal history and career offender provisions, so that only defendants with significant criminal history could be sentenced as career offenders.

## III.

"Three strikes and you're out" is the catch-phrase behind the career offender sentence enhancement. *See* Thomas N. Whiteside, *The Reality of Federal Sentencing: Beyond the Criticism*, 91 Nw. U.L.Rev. 1574, 1582 (1997). After each strike, a felon has the chance to stop committing crimes and to turn his life around. If a felon wastes that opportunity twice, the Sentencing Guidelines dramatically increase his sentence for the third strike. Because Garecht's possession of cocaine was part of his conspiracy to distribute marijuana and thus related by applying the criminal history computation, he had only two strikes. The government's decision to indict Garecht for marijuana conduct that was related to his 1992 cocaine conviction precludes the government from using the cocaine conviction as a prior felony conviction. The judgment is vacated and the case remanded for resentencing consistent with this opinion.

EASTERBROOK, Circuit Judge, dissenting.

My colleagues discard a decision of this court on the basis of an amendment to the Sentencing Guidelines that is unrelated to the issue at hand. Even if I agreed with the majority's view of the merits, I would not think this an appropriate step. Neither the amendment nor any subsequent decision has undermined the analysis of *United States v. Belton*, 890 F.2d 9 (7th Cir.1989), the case now interred. Moreover, no matter what we do, a conflict will persist. Compare *United States v. Mar-*

*rone*, 48 F.3d 735, 740–41 (3d Cir.1995) (following *Belton*), with *United States v. Kenyon*, 7 F.3d 783, 787 (8th Cir.1993) (conflicting with *Belton*, but apparently unaware of it). Overruling a decision to move from one side of a conflict to another is not sound. Contrast *United States v. Hill*, 48 F.3d 228 (7th Cir.1995). The conflict remains, and eventually either the Sentencing Commission or the Supreme Court must put things to rights. Now is a bad time to stir the pot, for the Sentencing Commission cannot respond. (All seats on the Commission have been vacant since October 1998.)

Garecht must be sentenced as a career offender if he has "two prior felony convictions". He was convicted in 1981 of aggravated battery in Illinois and in 1992 of possessing cocaine in Texas with intent to distribute that drug. Both are felonies, but the guidelines use "two prior felony convictions" as a term of art. Guideline 4B1.2(c) defines this phrase:

(c) The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

Garecht meets the requirements of part (c)(1): he was released from his imprisonment for the battery and cocaine offenses before committing his marijuana offense. The rub is (c)(2): "the sentences for at least two of the aforementioned felony con-

victions are counted separately under [§ 4A1.1]". What is the referent of "separately"? Does it mean "separately *from each other*" or "separately *from the current conviction*"? If the former, then Garecht's sentence must be affirmed, because it is undisputed that his 1981 conviction for aggravated battery in Illinois and his 1992 conviction for selling cocaine in Texas are not related to each other. My colleagues say (183 F.3d at 677) that it means *both*: the priors must be separate not only from each other but also from the offense of conviction. This leads to reversal because the distribution of cocaine in Texas is "relevant conduct" to the current conviction for conspiracy, for Garecht dealt with the same confederates in a continuing criminal organization.

*Belton* holds that for purposes of § 4B1.2(c)(2) the right question is whether the prior offenses are separate from each other, which to simplify I call horizontal separateness. ("Vertical" then means separate from the "instant offense of conviction".) *Belton* follows the text. To write "the aforementioned felony convictions are counted separately" is to imply "separately *from each other*." That's how normal English works. The sentence "X and Y are counted separately" means "X is counted separately from Y." It does not mean "Y is counted separately from Z," as my colleagues would have it. (In this construction, X and Y are the priors, Z is the "instant offense of conviction".) Context could lead to a different reading, but here it doesn't. Subsection (c)(1) contrasts the "instant offense" with the priors, a vertical approach. Subsection (c)(2) does not mention the "instant offense" but instead refers to "the aforementioned felony convictions"—which is to say, the "two prior felony convictions." This asks whether the priors are counted separately from each other, quite different from the question posed by (c)(1) whether the "instant offense of conviction" came after the other two convictions.

Here's another reason why (c)(2) refers to horizontal separateness: it speaks of "sentences," not "convictions." Recall the language: "(2) the *sentences* for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." It is possible to talk about whether the "sentences" for Garecht's 1981 and 1992 convictions are counted separately from each other; when the district judge comes to apply § 4B1.2 it is not possible to ask whether the "sentence" for the 1992 cocaine conviction is counted separately from the "sentence" for the 1998 marijuana conspiracy, *because Garecht has not been sentenced yet for that crime*. The *only* sentences in the picture are those for the priors; thus subsection (c)(2) *must* present the question whether the priors are counted separately from each other. Nothing else makes linguistic sense of the text. Suppose the guideline said: "Treat defendant as a career offender if two of his prior sentences are counted separately under [some other provision]." That would pose the question whether the prior sentences are counted separately from each other. But this is almost exactly what subsection (c)(2) *does* say! Subsection (c)(1) asks whether the "instant offense of conviction" occurred after the prior "convictions"; that's a vertical issue. The use of "sentences" in subsection (c)(2) is necessarily a horizontal (prior-to-prior) comparison in this context. Garecht's priors count separately from each other. That should be the end of the case.

My reading makes practical as well as linguistic sense of the guideline. Someone who is convicted, imprisoned, released, convicted of a new crime, imprisoned, released, and then convicted of a third crime committed after the second release has marked himself as a "career" criminal. That is exactly what Garecht has done. He was convicted of aggravated battery, imprisoned and released, convicted of selling cocaine in Texas, imprisoned and released, and then returned to his life of crime, committing a third offense. That

he continued dealing with his old confederates (and thus committed a third offense "related" to the second one) does not make this sequence of events any the less serious, or imply that Garecht is less of a recidivist. Subsection (c)(2) creates a horizontal separation requirement to guard against treating as a career criminal someone whose priors are all variations on the same crime; then the current conviction realistically is a second rather than a third offense. Thus, for example, conviction for the cocaine sales in Texas, the cocaine conspiracy, and toting a gun as part of that conspiracy, would be related to each other and count as only one prior conviction in the event Garecht later were convicted of an additional crime. But someone who joins a criminal conspiracy, is convicted and imprisoned for acts related to that conspiracy, and on release immediately rejoins the conspiracy—which Garecht did— has committed two distinct crimes in this episode. If he has also committed a third (here, aggravated battery), then he is a career criminal.

*Belton* dealt with an almost identical case of someone who after release from prison returned to his former confederates in crime. We observed: "A career criminal is incorrigible, undeterrable, recidivating, unresponsive to the 'specific deterrence' of having been previously convicted—and that is a good description of a man who continues trafficking in narcotics after having been arrested and convicted of a similar crime. If Belton had joined the conspiracy to sell cocaine in Milwaukee after his conviction in California, he would have no argument at all, yet it can hardly be thought that by entering the conspiracy earlier rather than later he showed himself to be less incorrigible, more deterrable, less likely to commit further crimes upon release from prison. The guidelines should not be interpreted to give criminals an incentive to enter conspiracies at the earliest possible opportunity. . . . Continuing to participate in the drug conspiracy after having been convicted of a drug offense manifests a propensity for recidivism as plainly as if the conspiracy had been started from scratch. The only practical effect of the interpretation for which Belton contends would be to give the government an incentive to seek conviction for only so much of the defendant's participation in the continuing conspiracy as postdated his prior conviction." 890 F.2d at 10–11. Substitute "Garecht" for "Belton," "Texas" for "California," and "Illinois" for "Milwaukee," and the point is equally strong.

Today's majority does not contend that the vertical-separateness approach that it adopts is wise either as a matter of sentencing policy or as a matter of textual interpretation. Instead my colleagues say that the Sentencing Commission required us to hew a new path because, "[w]hen *Belton* was argued, § 4A1.2(a) was not included as one of the sections applicable to the counting of convictions", and the Sentencing Commission now has made it applicable. 183 F.3d at 675. There are two shortcomings with this proposition: first, it does not matter whether, in the abstract, § 4A1.2 is "applicable." The question is not whether but *how* it applies. Second, there has been no relevant change since *Belton*.

The majority relies on Amendment 268, which modified what is today Application Note 3. (Until recently this was Note 4; I refer to it as Note 3 to avoid confusion.) My colleagues point to differences in the language of the note, but not to any change in the language of the guideline— and the text of § 4B1.2 shows that § 4A1.2 has *always* been "applicable." When the guidelines were first adopted, § 4B1.2 said this directly. Anyone in doubt on this score has only to read *Belton*, which quoted the text it was construing: "So far as is relevant to this case, a 'career offender' is a convicted defendant who 'has at least two prior felony convictions of either a crime of violence or a controlled substance offense.' § 4B1.1. The guidelines define 'two prior convictions' to mean that '(A) the defen-

dant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense ... and (B) the sentences for at least two of the aforementioned felony convictions are counted separately *under the provisions of Part A' of Chapter 4 of the guidelines." Belton,* 890 F.2d at 10 (emphasis added). At the time *Belton* was argued, Application Note 3 stressed that this made two particular parts of § 4A1.2 applicable; it did not say that the other parts were *not* applicable, a statement that would have contradicted the text of § 4B1.2. *Belton* itself did not rely on Note 3 for a negative implication that these other parts were inapplicable; indeed *Belton* did not mention the note. Thus it is untenable to assert that Amendment 268 for the first time made § 4A1.2 applicable to relatedness decisions under § 4B1.2.

The Sentencing Commission explained Amendment 268 this way: "The purpose of this amendment is to clarify the definitions of crime of violence and controlled substance offense used in this guideline. The definition of crime of violence used in this amendment is derived from 18 U.S.C. § 924(c). In addition, the amendment clarifies that all pertinent definitions and instructions in § 4A1.2 apply to this section." Only the third sentence of this rationale applies to the change in Application Note 3. (The rest explains changes in § 4B1.2(b) and Application Notes 1 & 2.) The Commission says through Note 3 that the reference in § 4B1.2(c)(2) to "Part A of this Chapter" means *all* of Part A. Neither Application Note 3 nor the Commission's explanation of the change implies that the word "separately" has been redefined, so that "separately *from each other*, as Part A defines separately" (the meaning *Belton* gave to the text of § 4B1.2(c)) has become "separately *from the instant offense of conviction*, as Part A defines separately," or "separately from *both* each other and the instant offense of conviction" (the meaning my colleagues give to the text of § 4B1.2(c)). The possibility of such a

change was not on the table in 1989, and nothing in Amendment 268 accomplishes that alteration. Although the critical step in the majority's decision today is its conclusion (183 F.3d at 677) that the priors must be separate not only from each other but also from the offense of conviction, my colleagues never explain why they adopt that position.

Perhaps they have been thrown off the scent by the final paragraph of *Belton*, in which (they say) the court "acknowledged that if § 4A1.2(a) had applied, then the conviction would not have been counted ... for career offender purposes." 183 F.3d at 675. This misreads the passage in *Belton* (890 F.2d at 11, ellipsis in original):

> Belton notes that the definition of "two prior convictions" refers to Part A of Chapter 4 of the guidelines, where we read that in adjusting a defendant's sentence for his prior criminal history the judge may use as a "prior sentence" only a "sentence previously imposed ... for conduct not part of the instant offense." § 4A1.2(a)(1). Therefore, as the first application note to section 4A1.2 makes explicit, "a sentence imposed after the defendant's commencement of the instant offense, but prior to the sentencing on the instant offense, is a prior sentence [only] if it was for conduct other than conduct that was part of the instant offense." If Belton were being sentenced under Part A of Chapter 4, the California conviction and sentence would not be a part of his criminal history usable to enhance his sentence. But he was sentenced under Part B, and as is plain from section 4B1.2(3), quoted earlier, the sentences that must be separate in this sense are the sentences imposed for the prior convictions: "two prior convictions" entails that "the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of Part A." The two prior convictions must be separate from each other, and they were here.

I don't find here any implication "that if § 4A1.2(a) had applied, then the conviction would not have been counted". *Belton* made the point that relatedness for a criminal-history calculation presents the question whether an offense is related *to the crime of conviction*, while § 4B1.2(c)(2) poses the question whether the priors are related *to each other*. Only by first rejecting *Belton*'s fundamental conclusion that § 4B1.2(c)(2) asks *only* whether the priors are related to each other can the majority find any comfort in this passage—but to return to my theme, Amendment 268 does not address this issue, and the majority does not give any reason for departing from *Belton*'s resolution of it.

*United States v. Linnear*, 40 F.3d 215, 223 (7th Cir.1994), which my colleagues read as undermining *Belton*, concerns subsection (c)(1), the sequence rule, rather than subsection (c)(2). The proper inquiry under subsection (c)(1) is vertical, just as the panel in *Linnear* treated it. True, the panel remarked in passing that Linnear had not argued that there was a relatedness issue under (c)(2), but this just stated the obvious; it did not reflect a legal ruling of any kind. So in this circuit the only relevant case is *Belton*, which holds that the right question is whether the priors are separate from each other, not whether the priors are separate from the offense of conviction. Neither today's majority nor the eighth circuit in *Kenyon* explains why that conclusion is wrong. Restlessly shifting from one side of the *Kenyon–Marrone* conflict to the other does not promote either correct or stable law. Having reached a reasoned decision, we should stick to it until the Commission takes up the subject.