**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stephen G. LIPPOLD, Defendant–Appellant.**

**No. 00–2868.**

United States Court of Appeals, Seventh Circuit.

Submitted June 27, 2001.

Decided July 2, 2001.

Before Hon. RICHARD A. POSNER, Hon. KENNETH F. RIPPLE, and Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

Stephen Lippold pleaded guilty to using another person's social security number to commit a fraud, 18 U.S.C. § 1028(a)(7), using unauthorized credit cards, 18 U.S.C. § 1029(a)(2), and using a false social security number, 42 U.S.C. § 408(a)(7)(B). Mr. Lippold was sentenced to 36 months' imprisonment, and that term was imposed consecutively to unexpired state prison terms he was serving for probation violations. Mr. Lippold filed a notice of appeal but his counsel seeks to withdraw because he is unable to identify a nonfrivolous ground for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr. Lippold has responded to counsel's motion, and counsel's brief is facially adequate, so we limit our review of the record to the issues counsel and Mr. Lippold discuss. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). We grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first considers whether Mr. Lippold could argue that his guilty pleas were not knowing and voluntary. We have reviewed the transcript from the plea colloquy and are confident that Mr. Lippold's pleas were knowing and voluntary. After determining that Mr. Lippold was competent to enter a plea, the district court advised him of the nature of the charges against him, the possible penalties, and the various rights he would waive by pleading guilty. The district court also questioned Mr. Lippold to ensure that he was not forced or coerced into pleading guilty and determined that an adequate factual basis for his pleas existed. Because the district court fully complied with Rule 11 of the Federal Rules of Criminal Procedure in taking Mr. Lippold's pleas, we agree with counsel that an argument based on the validity of those pleas would be frivolous.

■ Counsel next considers whether Mr. Lippold could challenge the district court's refusal to impose his federal sentence concurrent with his unexpired state sentences for probation violations. Under U .S.S.G. § 5G1.3(c) a sentencing court is given broad discretion to impose a sentence to run concurrently, partially concurrently, or consecutively to an unexpired

prison term. *See United States v. Walker,* 98 F.3d 944, 945 (7th Cir.1996). Application Note 6 to § 5G1.3 further provides that if a defendant is on state probation when he commits the federal offense and has had such probation revoked–as was the case here–the sentence for the federal offense "should be imposed to run consecutively to the term imposed for the violation of probation." Application notes are generally binding on the sentencing court, *Stinson v. United States,* 508 U.S. 36, 43, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993); *United States v. Garecht,* 183 F.3d 671, 674 (7th Cir.1999), and in view of Application Note 6's "strong presumption in favor of consecutive sentencing," *Walker,* 98 F.3d at 945, we agree with counsel that a challenge to the district court's decision to impose a consecutive sentence would be frivolous.

 In his response to counsel's motion to withdraw, Mr. Lippold maintains that his counsel rendered ineffective assistance. Mr. Lippold's ineffective assistance of counsel claim, however, is more appropriately raised in a 28 U.S.C. § 2255 motion because it depends on facts outside the record. *See United States v. Hamzat,* 217 F.3d 494, 501 (7th Cir.2000).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.