**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 2, 2005[*]
Decided June 3, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3449

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| v. | No. 04-CR-53-S-01 |
| ANGELA K. TRUDELLE, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

**O R D E R**

Pursuant to a written agreement, Angela Trudelle pleaded guilty to one count of conspiracy to distribute at least 500 grams methamphetamine.  *See* 21 U.S.C. §§ 846, 841(a)(1).  After crediting Trudelle for the 17 months already served on a state conviction arising from the conspiracy, the district court imposed a term of 119 months to run concurrent with the remainder of her state sentence.  Trudelle now challenges the calculation of her criminal history score.  Having concluded that the district court incorrectly calculated Trudelle's criminal history score, we vacate her sentence and remand to the district court.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Trudelle's conspiracy ran from August 2001 to April 2003 and encompassed three state convictions all for methamphetamine offenses. The first state offense occurred in October 2002, when Trudelle was arrested in Wisconsin for possession of methamphetamine with intent to distribute and released on bond. Before that charge was resolved, she left for Minnesota and was caught there with methamphetamine in November 2002. Upon conviction for this second offense, the Minnesota court sentenced Trudelle to five days in jail and three years' probation. And once back in Wisconsin she was also convicted of what the parties describe as "bail jumping." Trudelle was still on probation for the Minnesota offense when she was arrested yet again in Wisconsin for possession of methamphetamine in April 2003. In August 2003 she was sentenced to 10 years' probation on this last offense, and at the same time she was sentenced for her October 2002 offense to 30 months' imprisonment. Trudelle began serving this Wisconsin sentence before the federal prosecution commenced.

In calculating Trudelle's criminal history, the probation officer assigned her zero criminal-history points for the three state drug convictions because, as both the government and Trudelle agreed, all three are for conduct that was part of the conspiracy prosecuted in federal court. *See* U.S.S.G. § 4A1.2, cmt. n.1 (explaining that prior convictions arising from same conduct underlying current federal prosecution are ignored in scoring defendant's criminal history). But reasoning that bail jumping is distinct from drug trafficking and thus not relevant conduct for the conspiracy charge, the probation officer assigned 1 criminal-history point for that conviction. And since Trudelle engaged in acts relating to the conspiracy while on probation for her November 2002 offense committed in Minnesota, the probation officer added 2 more points under § 4A1.1(d) on the theory that the conspiracy was committed while Trudelle was under a "criminal justice sentence," i.e., probation. These 3 points resulted in a Criminal History Category of II and made Trudelle ineligible for relief under the "safety valve." *See* 18 U.S.C. § 3553(f) (should defendant meet five criteria, including having no more than 1 criminal-history point, court may impose sentence without regard to statutory mandatory minimum penalties); U.S.S.G. § 5C1.2 (same); U.S.S.G. § 2D1.1(b)(7) (providing two-level decrease in offense level for drug offenders who satisfy § 3553(f) criteria). This criminal history calculation, coupled with the total offense level of 31 proposed by the probation officer, yielded an imprisonment range of 121 to 151 months.

The government endorsed the probation officer's recommendations at sentencing, but Trudelle posed several objections. First she argued that her conviction for bail jumping should not lead to even 1 criminal history point because, she said, it too arose from conduct comprising the federal conspiracy just like her other three state offenses. *See* U.S.S.G. § 4A1.2, cmt. n.1. Likewise, Trudelle argued, she should not be given 2 criminal history points for committing the conspiracy while on probation for her Minnesota conviction because under the

guidelines these points can be assessed only when the offense of conviction was committed while under a "criminal justice sentence," which by definition excludes prior offenses like her Minnesota case that do not result in criminal history points. *See id.* § 4A1.1(d), cmt. n.4. It followed, Trudelle explained, that her criminal history score was really zero, and so she was eligible for relief under the safety valve. Finally, Trudelle objected to being sentenced under the guidelines in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and our then-recent decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004).

The district court rejected Trudelle's objections to the criminal history points, but sustained her *Booker* challenge and, consequently, proceeded as though the guidelines were advisory. The district court selected 136 months as an appropriate term but reduced that number to 119 to account for the time Trudelle already had served on her 30-month Wisconsin sentence. *See* U.S.S.G. § 5G1.3(b). Section 5G1.3(b) authorized the court to impose a term below the otherwise-applicable 10-year minimum mandatory term as necessary to account for the state time. *See* 21 U.S.C. § 841(b)(1)(A)(viii); *United States v. Ross*, 219 F.3d 592, 594-95 (7th Cir. 2000). Had Trudelle prevailed on just her objection to the 2 criminal history points imposed by the court under § 4A1.1(d), a sentence as low as 70 months would have been within the guideline range.

And indeed, as the government candidly concedes, Trudelle should have prevailed at least with respect to those criminal history points. When calculating the criminal history score, the guidelines allow for 2 points to be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation." U.S.S.G. § 4A1.1(d). The guidelines define a "criminal justice sentence" as a sentence countable under § 4A1.2. U.S.S.G. § 4A1.1, cmt. n.4. Here the district court did not count the sentence imposed for the Minnesota conviction because that offense was committed as part of the conspiracy prosecuted in federal court. *See* U.S.S.G. § 4A1.2(a)(1) & cmt. n.1 (excluding from definition of "prior sentence" countable under § 4A1.1 any sentence impose based on conduct that is part of instant offense); *United States v. Garecht*, 183 F.3d 671, 674 (7th Cir. 1999). And given that the district court did not count the Minnesota conviction, Trudelle's commission of the federal conspiracy while on probation for her Minnesota conviction should not have resulted in the assessment of any points under § 4A1.1(d). Correcting this error reduces Trudelle's criminal history score to 1, making her eligible for the safety valve. *See* 18 U.S.C. § 3553(f). We need not address whether imposing the additional 1 point for bail jumping was also error because that additional point has no further impact on Trudelle's sentence.

Although after *United States v. Booker*, 125 S. Ct. 738 (2005), the sentencing guidelines are advisory rather than mandatory, we have held that an incorrect application of the guidelines still requires resentencing. *See United States v. Scott*,

405 F.3d 615, 617 (7th Cir. 2005).  In the post-*Booker* era the guidelines "continue to inform the district courts," so a sentencing judge must calculate the range accurately and explain its reasons if it imposes a sentence outside that range. *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005).

Accordingly, we REMAND for resentencing in accordance with this order.