In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-3749

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

JOSHUA M. LIDDELL,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 06 CR 40008—**J. Phil Gilbert**, *Judge.*

———————

ARGUED APRIL 3, 2007—DECIDED JULY 12, 2007

———————

Before MANION, EVANS, and WILLIAMS, *Circuit Judges.*

MANION, *Circuit Judge.* Joshua M. Liddell pleaded
guilty to two counts of possession of crack cocaine with
intent to distribute. The government moved for Liddell
to be sentenced as a career offender, but the district court
denied the government's motion. The government ap-
peals. We vacate Liddell's sentence and remand for
resentencing.

I.

Joshua Liddell is a serial cocaine dealer. On February 8, 2006, a federal grand jury returned a two-count indictment against Liddell, charging him with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Specifically, Count One charged that on November 22, 2005, Liddell knowingly and intentionally possessed with the intent to distribute five grams or more of cocaine base, while Count Two was based on a similar incident on May 9, 2003. The facts giving rise to those charges are not at issue on this appeal. On May 4, 2006, Liddell pleaded guilty to both counts.

Liddell, however, was no stranger to the justice system. At the time he pleaded guilty to the federal charges, he had two earlier state convictions. On August 10, 2005, an Illinois court accepted Liddell's plea of guilty to possession with intent to distribute cocaine occurring on August 30, 2004, and to aggravated domestic battery occurring on May 29, 2005. The Illinois court sentenced Liddell to concurrent terms of 68 days of imprisonment and 48 months of supervised release.

On June 29, 2006, the United States Probation Office issued its presentence report ("PSR") for Liddell's federal convictions. Despite Liddell's earlier state felony convictions, the PSR recommended that, with respect to Count One, Liddell not be classified as a career offender as defined at U.S.S.G. § 4B1.1. This distinction is important because if Liddell were not sentenced as a career offender for Count One, he would have received a manda-

tory minimum sentence of 120 months of imprisonment.[1] If, however, Liddell was deemed a career offender for Count One, his guideline range would rise to 262 to 327 months of imprisonment. There was no dispute that Liddell's guideline rage for Count Two (his earliest charged incident, May 9, 2003) was calculated correctly at 84 to 105 months of imprisonment.

The government filed an objection to the PSR, arguing that Liddell's two previous state convictions rendered him a career offender for purposes of Count One, because he had been released from his state incarceration before he committed the offense charged in Count One. In response to the government's objection, the United States Probation Office issued an addendum to the PSR, explaining its rationale for declining to find that Liddell qualified as a career offender. Liddell also filed a response brief. During Liddell's sentencing hearing, the district court heard oral argument on the issue. The district court denied the government's objection and declined to sentence Liddell as a career offender. Accordingly, the district court sentenced Liddell to the mandatory minimum 120 months of imprisonment for Count One, and 105 months of

---

[1] During Liddell's sentencing hearing, the district court pointed out that the PSR's guideline calculation for Count One did not include the government's requested enhancement pursuant to 21 U.S.C. § 851 for one or more prior drug convictions, namely Liddell's August 10, 2005, state cocaine conviction. Thus, while the PSR recommended a guideline range of 84 to 105 months for Count One, the district court granted the government's motion and sentenced Liddell to the 120-month mandatory minimum pursuant to § 851. The parties and the district court agreed that the enhancement did not apply for Count Two.

imprisonment for Count Two, with the sentences to run concurrently. The government appeals the district court's calculation of Liddell's sentence.

## II.

On appeal, the government argues that the district court should have calculated Liddell's guideline ranges separately for each count of the federal indictment, thus the presence of the pre-state imprisonment charge (Count Two) should not have prohibited the district court from classifying Liddell as a career offender for purposes of his post-state imprisonment charge (Count One). This is a question of guideline interpretation, which this court reviews de novo. *United States v. Alcala*, 352 F.3d 1153, 1156 (7th Cir. 2003).

We begin our analysis by looking to the guidelines' definition of "career offender" to determine whether Liddell satisfies that three-prong test for Count One. Section 4B1.1 states that a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;

> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Liddell satisfies the first element of § 4B1.1, as he was twenty-one years of age when he committed the offense charged in Count One. He also

satisfies the second element because the offense alleged in Count One—possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)—is a felony controlled substance offense. Neither the government nor Liddell contests these points. Finally, Liddell appears to satisfy the third element of § 4B1.1 because his two state felony convictions (including a crime of violence and a controlled substance offense) occurred earlier in time than the conduct charged in Count One. However, our analysis of whether Liddell's state court convictions were "prior" for purposes of the third element of § 4B1.1 does not end here.

In order to satisfy the third element of § 4B1.1, the defendant's earlier convictions cannot be related to the instant offense. *See United States v. Garecht*, 183 F.3d 671, 674 (7th Cir. 1999). To determine whether a defendant's earlier convictions are related to the instant offense, and therefore whether they were "prior" to the charged offense under § 4B1.1, the guidelines direct us to U.S.S.G. § 1B1.3. U.S.S.G. § 4A1.2 cmt. 1 ("Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)."). "Under U.S.S.G. § 1B1.3, a criminal offense constitutes relevant conduct to another offense if the two offenses are part of a common scheme or plan, connected by at least one common factor (for example, a common victim or purpose)." *United States v. Hernandez*, 330 F.3d 964, 986-87 (7th Cir. 2003) (citation and internal quotation omitted).

We previously had the opportunity to construe U.S.S.G. § 1B1.3 as applied to drug offenses, and both the government and Liddell rely on our past decisions that are

instructive, but not directly on point.[2] First, the government relies on *United States v. Hernandez*, 330 F.3d 964 (7th Cir. 2003). In *Hernandez*, the defendant argued that his instant conviction was related to his conviction three years earlier because both convictions involved the sale of drugs in the same geographic area and the same criminal gang. *Id.* at 987. We held that there was not a close relationship between the earlier conviction by citing to an example in § 1B1.3, which states that offenses are not related if, "[i]mmediately, upon release from prison, he again sold cocaine to the same person, using the same accomplices and modus operandi." *Id.* (citing U.S.S.G. § 1B1.3 cmt. 8). The government thus argues that, as in the guideline example, Liddell was convicted of a earlier drug offense by an Illinois court, was imprisoned for that offense, and then committed the drug dealing offense charged in Count One. Accordingly, the government contends that Liddell's drug convictions are unrelated because of his intervening state incarceration, despite the fact that all of Liddell's drug offenses involve the same general geographic area and a recurring cast of characters.

Liddell, on the other hand, relies on *United States v. Garecht*, 183 F.3d 671 (7th Cir. 1999). In *Garecht*, the defendant participated in a conspiracy to distribute cocaine and marijuana from 1988 to 1993. *Id.* at 673. In October 1993, the defendant was arrested after receiving a shipment of several pounds of marijuana, and he eventually pleaded guilty to a federal charge of conspiracy to possess marijuana with intent to distribute spanning those years. *Id.* at 673. In 1992, during the period of time charged in

---

[2] Both parties relied on the same respective cases during briefing and oral argument before the district court.

the conspiracy, a state court convicted the defendant of possession with intent to distribute cocaine. *Id.* The defendant served six months of his ten-year sentence before being released on parole, and resumed his cocaine and marijuana activities. *Id.* n.1. In addition to his cocaine conviction, the defendant previously was convicted of battery in 1981. *Id.* At the time of his sentencing for the federal drug conspiracy charge,[3] the government sought to enhance the defendant's sentence by classifying him as a career offender based on his earlier battery and cocaine convictions. *Id.* at 674. The defendant countered that his earlier cocaine conviction arose out of the same drug conspiracy for which he was sentenced by the district court, and thus the instant conviction was related to the previous conviction under U.S.S.G. § 4B1.2. *Id.* Upon examining comment 8 to U.S.S.G. § 1B1.3, we found that the defendant's situation fell somewhere between the scenario where an intervening imprisonment separates the two convictions (in which the first offense would not be relevant conduct to the second) and a scenario where the defendant makes two drug sales with no intervening sentence and is convicted for one in state court and one in federal court (in which the state court conviction would be relevant conduct). *Id.* (citing U.S.S.G. § 1B1.3 cmt. 8). However, because the federal indictment charged the defendant with conspiracy to sell marijuana both before and after his imprisonment on the state cocaine charge, we could not conclude that the defendant was arrested for the

---

[3] Following his October 1993 arrest on marijuana charges, the defendant cooperated with the authorities and was not indicted on the federal drug conspiracy charge until July 1997. *Id.* at 673.

cocaine offense before committing the marijuana offense charged in the federal indictment. *Id.* at 674-75. We thus held that the defendant's "cocaine conviction [was] relevant conduct to the marijuana conviction," and concluded that the district court erred in sentencing the defendant as a career offender. *Id.* at 675-76. In this case, Liddell argues that *Garecht* is analogous because, as in *Garecht*, the federal indictment against Liddell included drug possession charges that occurred both before and after his imprisonment for his state drug conviction. He further contends that all of the drug dealing giving rise to his conviction was part of a continuous pattern of behavior, which involved the same method and confederates, and thus is analogous to the conspiracy charged in *Garecht*.

As the government points out, the critical distinguishing element between *Hernandez* and *Garecht* is the fact that the defendant in *Hernandez* was charged with two discrete incidents of drug possession, while the defendant in *Garecht* was charged with a conspiracy that began before his state conviction and continued after the defendant was released from prison. The discrete incident of drug possession in *Hernandez*, like that charged in Count 1 of this case, occurred after the defendant's imprisonment on the state charge, and did not rely upon or implicate any pre-imprisonment conduct. Conversely, in *Garecht* the drug conspiracy at issue spanned a five-year period during which the conduct at issue in the state conviction occurred, making it impossible to determine definitively if the earlier offense occurred before or after the federal offense. The *Garecht* conspiracy problem does not exist here, because it is undisputed that the facts supporting Count One occurred after Liddell was released from his state incarceration. Accordingly, this case is controlled by our decision in

*Hernandez.* Because Liddell's state incarceration separated the conduct charged in Count One from the conduct charged in both his state conviction and in Count Two, we find that those earlier offenses are not related to Count One. Accordingly, the district court should have determined that Liddell qualified as a career offender for Count One when it calculated his guideline range for that count. *See United States v. Roberson*, 474 F.3d 432, 434-37 (7th Cir. 2005) (discussing the proper application of the advisory guidelines following *United States v. Booker*, 534 U.S. 220 (2005)).

It also bears mentioning that our holding in this case is in no way impacted by the fact that the federal indictment against Liddell contained two separate charges, including a possession charge based on a discrete incident of drug possession (Count Two) that occurred before Liddell's incarceration for the state cocaine distribution conviction. If Count One stood alone, the facts of this case would be nearly indistinguishable from those at issue in *Hernandez.* For sentencing purposes, however, absent the conspiracy scenario set forth in *Garecht,* that is exactly how the district court should have viewed Count One. The guidelines explicitly state that district courts should compute sentencing guideline ranges on a count-by-count basis. *See* U.S.S.G. § 1B1.1(d); *see also United States v. De la Torre*, 327 F.3d 605, 609 (7th Cir. 2003). Liddell made no effort to rebut this point and focused his argument entirely on whether the conduct charged in the state conviction was related to the conduct charged in the federal indictment, which we rejected above. If the guideline ranges for Count One and Count Two are calculated separately, then the *Hernandez* approach would apply for Count One and not apply for Count Two. This should

have resulted in Liddell being sentenced as a career offender for the former count and not the latter count. To hold otherwise not only would conflict with the guidelines, but it would strain judicial resources by forcing the government to bring multiple, separate indictments against defendants like Liddell to ensure that such defendants do not get a more lenient sentence simply because all of their offenses are consolidated in a single indictment.

## III.

The district court erred by not sentencing Liddell as a career offender for Count One of the federal indictment. The conduct charged in Count One was not related to Liddell's earlier state cocaine conviction, and, coupled with his earlier battery conviction, it rendered him a career offender under U.S.S.G. § 4B1.1. Accordingly, we VACATE Liddell's sentence and REMAND for resentencing in accordance with this opinion.

A true Copy:

      Teste:

 

              _____
              *Clerk of the United States Court of*
              *Appeals for the Seventh Circuit*