**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

October 19, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3373

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>    *v.*<br><br>JOSHUA M. LIDDELL,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Illinois.<br><br>No. 06 CR 40008<br><br>J. Phil Gilbert, *Judge*. |

## O R D E R

Joshua Liddell pled guilty to two counts of possession with the intent to distribute five grams or more of a mixture containing cocaine base. The government appealed Liddell's sentence, and we vacated the sentence and remanded for further proceedings. *United States v. Liddell*, 492 F.3d 920 (7th Cir. 2007). On remand, the district court calculated the sentencing guidelines range for each count separately and concluded that the guidelines' career offender provisions resulted in a range of 262 to 327 months' imprisonment on the first count. The district court sentenced Liddell to 240 months' imprisonment on the first count and 87 months' imprisonment on the second count, to run concurrently.

Liddell then appealed. We upheld the sentence imposed on Count One. *United States v. Liddell*, 543 F.3d 877, 879 (7th Cir. 2008). With respect to Count Two, the parties stipulated that in light of the Supreme Court's decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), Liddell should receive a limited remand. We therefore directed a limited remand on the second count in accordance with the procedure we set forth in *United States v. Taylor*, 520 F.3d 746, 748-49 (7th Cir. 2008), asking the district court whether it would have given Liddell a further reduction in his sentence had it known of its authority to do so under *Kimbrough*.

After we ordered a limited remand, Liddell filed an 18 U.S.C. § 3582(c)(2) motion for a reduction in his sentence on Count Two in light of new, retroactive crack cocaine guidelines. The district court considered that motion along with our limited remand query, the procedure we suggested in *Taylor*. The district court concluded that Liddell's new guideline range was 57 to 71 months and that a statutory five-year minimum applied. In response to the 18 U.S.C. § 3582(c)(2) motion, the district court reduced Liddell's sentence on count two to 60 months' imprisonment. Because that is the lowest sentence possible in light of the applicable statutory mandatory minimum, *see* 21 U.S.C. § 841(b)(1)(B), the district court has responded to our *Taylor* remand by stating that it could not impose an even lower sentence under the authority granted it by *Kimbrough*.

We invited both parties to file statements as to the appropriate disposition of the appeal in light of the district court's decision by October 5, 2009, and neither side has chosen to do so. That is understandable, as the resolution is straightforward. We affirm the district court's decision. District court judges remain bound by statutory minimum terms even after *Kimbrough*. *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009). As a result, the district court could not reduce Liddell's sentence on Count Two below the 60 months to which it had already lowered the sentence.

The judgment of the district court is **AFFIRMED**.