**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 3, 2011
Decided August 25, 2011

*Before*

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 11-1542

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| *v.* | No. 10 CR 40022 |
| VALENTIN C. SANCHEZ, | G. Patrick Murphy, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Valentin Sanchez was found guilty by a jury of two federal drug crimes. Because he already had two state convictions for controlled substance offenses, the district court concluded that he is a career offender and sentenced him accordingly. On appeal, Sanchez concedes that the court's determination was correct but asks us to carve out an exception anyway. We are not persuaded by his argument and, therefore, affirm the judgment.

For the past ten years, Sanchez has cycled in and out of jail for committing drug crimes. In April 2001 he was convicted of the Illinois crime of possessing a controlled substance with intent to deliver. *See* 720 ILCS 570/401. He was sent to prison but paroled in July 2004, and a month later he committed a simple-possession offense that landed him back in state prison. But this second conviction and imprisonment did not alter his work habits. When Sanchez was paroled again in July 2006, he returned to the drug trade and

conspired with three others to distribute cocaine in and around Crawford County, Illinois. A little over a year later in November 2007, this drug business cycle was interrupted when Sanchez was convicted of the state crime of delivering cannabis. *See* 720 ILCS 550/5. He spent about eighteen months in prison and an additional three months in a halfway house before being released in July 2009. A few days after he became a free man, however, he attended a raucous party that caused the police to intervene. Sanchez had about 14 grams of cocaine in his possession when he was taken into custody.

A jury found him guilty of two federal crimes: (1) conspiring to distribute cocaine beginning sometime in 2006 and (2) possessing cocaine with intent to distribute in July 2009. *See* 21 U.S.C. §§ 846, 841(a)(1). A probation officer then determined that two of his three state convictions made him a career offender: (1) the 2001 conviction for possession with intent to deliver and (2) the 2007 conviction for delivering cannabis. *See* U.S.S.G. § 4B1.1(a)(3). (A simple possession offense, like the one Sanchez committed in 2004, does not satisfy the guidelines' definition of "controlled substance offense." *See id.* § 4B1.2(b); *United States v. Kelly*, 519 F.3d 355, 365 (7th Cir. 2008).)

Sanchez conceded that his 2001 conviction counts against him in the career-offender analysis, but insisted that the 2007 conviction does not: That offense occurred "smack dab in the middle of the cocaine conspiracy," Sanchez argued, which makes it *relevant conduct* to the federal cocaine conspiracy rather than a prior conviction. *See* U.S.S.G. §§ 4B1.2(c)(2), 4A1.2 application n.1; *United States v. Garecht*, 183 F.3d 671, 673-74 (7th Cir. 1999). In response, however, the government argued that it didn't matter whether the 2007 conviction was relevant conduct to the federal cocaine conspiracy. That's because the government urged the district court to conduct a separate analysis for each of the federal crimes that Sanchez committed; so long as the 2007 conviction qualifies as a prior conviction for *one* of those federal crimes, the government contended, then Sanchez must be sentenced as a career offender regardless of whether the 2007 conviction qualifies as a prior conviction for the other federal crime. And from the government's point of view, the 2007 conviction clearly must count as a prior conviction to the federal possession conviction because an intervening term of imprisonment separates those two discrete offenses. *See* U.S.S.G. § 1B1.3 application n.8; *United States v. Hernandez*, 330 F.3d 964, 986 (7th Cir. 2003). At the sentencing hearing, Sanchez did not dispute that the government's proposed framework was the correct way for the district court to approach his case. Accordingly the court concluded that Sanchez is a career offender and imposed a sentenced of 262 months, at the low end of his imprisonment range.

On appeal, Sanchez concedes that the district court was correct to adopt the government's framework and, accordingly, that each federal count of conviction must be

studied in isolation when applying the career-offender guideline. He further concedes that, under the guidelines and this court's case law, his 2007 Illinois conviction counts as a prior conviction to his federal possession conviction because the federal offense is a discrete incident that is separated from the state offense by an intervening term in prison. *See* U.S.S.G. § 1B1.3 cmt. n.8; *United States v. Liddell*, 492 F.3d 920, 924 (7th Cir. 2007). In short, Sanchez has conceded in his brief—and again at oral argument—that the district court was correct to sentence him as a career offender. And although Sanchez does raise some concerns to suggest that the result may be unfair, these perfunctory points simply boil down to a personal preference for a different outcome.

**AFFIRMED**.